# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### July 20, 2010 Session

## STATE OF TENNESSEE v. JONATHAN LONDONO

**Appeal from the Criminal Court for Davidson County**
**No. 2001-A-280 & 2000-B-1070    Cheryl A. Blackburn, Judge**

---

**No. M2009-01745-CCA-R3-CD - Filed February 24, 2011**

---

Appellant, Jonathan Londono, was convicted by a Davidson County jury of conspiracy to commit aggravated robbery, facilitation of felony murder, facilitation of especially aggravated robbery and facilitation of aggravated robbery. He was sentenced to an effective sentence of forty-nine years. Appellant was resentenced after an unsuccessful appeal to this Court, an unsuccessful appeal to the Tennessee Supreme Court, a remand from the United States Supreme Court to the Tennessee Supreme Court, and a remand from the Tennessee Supreme Court to the trial court for resentencing. As a result, Appellant's sentence was enhanced based upon one enhancing factor, that he had a previous history of criminal convictions and criminal behavior. The trial court sentenced Appellant to an effective sentence of forty-nine years. Appellant appeals his sentence arguing that the trial court erred in basing the application of the enhancing factor on convictions that occurred in the time between the commission of the offenses in question and the imposition of his sentence for the offenses in question. We determine that based upon prior case law in this State the trial court did not err. Therefore, we affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Criminal Court are Affirmed.**

JERRY L. SMITH, J., delivered the opinion of the court, in which ALAN E. GLENN and ROBERT W. WEDEMEYER, JJ., joined.

David A. Collins, Nashville, Tennessee, for the appellant, Jonathan Londono.

Robert E. Cooper, Jr., Attorney General and Reporter; Cameron L. Hyder, Assistant Attorney General; Victor S. Johnson, District Attorney General, and Bret Gunn, Assistant District Attorney General, for the appellee, State of Tennessee.

# OPINION

## *Factual Background*

## Guilty Plea

On March 16, 1999, a jewelry store at the Green Hills Mall in Nashville had a special showing of 100 to 110 Rolex watches. *State v. Edwin Gomez, et. al.*, No. M2002-01209-CCA-R3-CD, 2004 WL 305787, at *1 (Tenn. Crim. App., at Nashville, Feb. 18, 2004), *appl. perm. app. granted*, (Tenn. Oct. 4, 2004). The next morning, on March 17, Appellant and his co-defendants attacked two security guards who were removing the watches from the jewelry store. One of the guards, Eugene Nagele, was struck in the head and lost consciousness. The other guard, Roy Rogers, was shot and died twenty-one days later as a result of his gunshot wound. *Id.* The watches were later sold for $230,000 in Miami. *Id.* at *4.

Appellant was indicted for conspiracy to commit aggravated robbery, felony murder of Roy Rogers, especially aggravated robbery of Roy Rogers, and aggravated robbery of Eugene Nagele. *Id.* At the conclusion of trial, a jury convicted Appellant of conspiracy to commit aggravated robbery, facilitation of felony murder, facilitation of especially aggravated robbery and facilitation of aggravated robbery. The trial court held a sentencing hearing and sentenced Appellant to an effective sentence of forty-nine years. *Id.*

Appellant and his co-defendant, Edwin Gomez, appealed both their convictions and sentences to this Court. *Id.* at *1. We affirmed the judgments of the trial court. *Id.* Appellant and his co-defendant requested permission to appeal to our supreme court and were granted permission to appeal. *State v. Gomez*, 163 S.W.3d 632, 640 (Tenn. 2005).

The resulting opinion, *State v. Gomez*, 163 S.W.3d 632 (Tenn. 2005), became a pivotal case in our appellate court system's analysis of sentencing issues in light of the United States Supreme Court's opinion in *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531 (2004). The Tennessee Supreme Court determined that despite the ability of trial judges to set sentences above the presumptive sentence based on the finding of enhancement factors neither found by a jury nor admitted by a defendant, Tennessee's sentencing structure does not violate the Sixth Amendment and does not conflict with *Blakely* because "the Reform Act [of Tennessee] authorizes a discretionary, non-mandatory sentencing procedure and requires trial judges to consider the principles of sentencing and to engage in a

qualitative analysis of enhancement and mitigating factors . . . all of which serve to guide trial judges in exercising their discretion to select an appropriate sentence within the range set by the Legislature." *Gomez*, 163 S.W.3d at 661.

In a subsequent opinion, *Cunningham v. California*, 549 U.S. 270, 127 S. Ct. 856 (2007), the United States Supreme Court again addressed sentencing issues with regard to the right to a trial by jury. The decision in *Cunningham* called into question our supreme court's decision in *Gomez*. Shortly thereafter, the United States Supreme Court vacated the judgment in *Gomez* and remanded the case to Tennessee Supreme Court in light of *Cunningham*. *Gomez v. Tennessee*, 549 U.S. 1190, 127 S. Ct. 1209 (2007). On remand from the United States Supreme Court, our supreme court vacated Appellant's sentence and remanded to the trial court for resentencing. *State v. Gomez*, 239 S.W.3d 733, 742 (Tenn. 2007). The trial court's judgments were affirmed in all other respects. *Id.*

On May 26, 2009, the trial court held a resentencing hearing to determine Appellant's sentence. At the time of Appellant's resentencing a new sentencing law was in effect that was enacted as a response to *Blakely*. The new sentencing law gave Appellant the ability to choose to be sentenced under the previous law or the new law. Appellant chose to be sentenced under the new law. The trial court determined that Appellant was a Range I, Standard Offender. The court applied one enhancing factor, that the defendant has a previous history of criminal convictions or criminal behavior. The trial court concluded that no mitigating factors applied. The trial court sentenced Appellant to the maximum in the range for each conviction, six years for conspiracy to commit aggravated robbery, twenty-five years for facilitation of felony murder, twelve years for facilitation of especially aggravated robbery, and six years for facilitation of aggravated robbery. The trial court ordered that the sentences be served consecutively. The trial court also ordered that these sentences be served consecutively to sentences Appellant was serving in the federal system and in Texas. Appellant filed a timely notice of appeal.

## ANALYSIS

On appeal, Appellant argues that the trial court erred in applying the enhancing factor because the two prior criminal convictions used to support the enhancing factor were committed after the offenses at issue in the case at hand.

Before the release of *Blakely*, in order to determine a defendant's sentence, a trial court started at the presumptive sentence, enhanced the sentence within the range for existing enhancement factors, and then reduced the sentence within the range for existing mitigating factors in accordance with Tennessee Code Annotated section 40-35-210(e). No particular weight for each factor was prescribed by the statute; the weight given to each factor was left

to the discretion of the trial court as long as it comports with the sentencing principles and purposes of our Code and as long as its findings are supported by the record. *See State v. Santiago*, 914 S.W.2d 116, 125 (Tenn. Crim. App. 1995). In *Blakely*, the Supreme Court determined that the "statutory maximum" sentence for *Apprendi*[1] purposes is "the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant*." 542 U.S. at 303, 124 S. Ct. at 2537. In other words:

> [T]he relevant "statutory maximum" is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose without any additional findings. When a judge inflicts punishment that the jury's verdict alone does not allow, the jury has not found all the facts "which the law makes essential to the punishment," and the judge exceeds his proper authority.

*Id.*

In response to the United States Supreme Court's decision in *Blakely v. Washington*, 542 U.S. 296 (2004), the Tennessee Legislature amended the Tennessee Code Annotated section 40-35-210 so that Class A felonies would now have a presumptive sentence beginning at the minimum of the sentencing range. *Compare* T.C.A. § 40-35-210(c) (2003) *with* T.C.A. § 40-35-210(c) (2006).[2] In addition, the amended statute stated that the trial court was not bound by the sentencing guidelines concerning the minimum sentence within a range and the application of enhancement and mitigating factors to increase the sentence above the minimum and that the guidelines were advisory. *Id.* This amendment became effective on June 7, 2005. The legislature also provided that this amendment would apply to defendants who committed a criminal offense on or after June 7, 2005. Acts 2005, ch.

---

[1] In *Apprendi v. New Jersey*, 530 U.S. 466 (2000), the United States Supreme Court held that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Id.* at 490. In *Ring v. Arizona*, 536 U.S. 584, 587 (2002), the Court applied *Apprendi* to hold that because Arizona conditioned eligibility for the death penalty upon the presence of an aggravating fact that was not an element of first degree murder, the Sixth Amendment guaranteed the defendant a right to a jury determination of that fact.

[2] This new act as amended by the legislature in 2005 has been cited with approval by the United States Supreme Court. *Cunningham v. California*, 549 U.S. 270, 294, 127 S. Ct. 856, 871 n.18 (2007) In *Cunningham*, the Supreme Court revisited issues addressed in the *Blakely* line of cases. The Supreme Court stated, with approval, that "[o]ther States have chosen to permit judges genuinely 'to exercise broad discretion . . . within a statutory range,' [FN18] which 'everyone agrees,' encounters no Sixth Amendment shoal." *Id.* (quoting *United States v. Booker*, 543 U.S. 220, 233 (2005)).

353, § 18. In addition, if a defendant committed a criminal offense on or after July 1, 1982 and was sentenced after June 7, 2005, such defendant can elect to be sentenced under these provisions by executing a waiver of their ex post facto protections. *Id.* As stated above, Appellant chose to be sentenced under the prior sentencing law.

"When reviewing sentencing issues . . . , the appellate court shall conduct a de novo review on the record of such issues. Such review shall be conducted with a presumption that the determinations made by the court from which the appeal is taken are correct." T.C.A. § 40-35-401(d). "However, the presumption of correctness which accompanies the trial court's action is conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." *State v. Ashby*, 823 S.W.2d 166, 169 (Tenn. 1991). In conducting our review, we must consider the defendant's potential for rehabilitation, the trial and sentencing hearing evidence, the pre-sentence report, the sentencing principles, sentencing alternative arguments, the nature and character of the offense, the enhancing and mitigating factors, and the defendant's statements. T.C.A. §§ 40-35-103(5), -210(b); *Ashby*, 823 S.W.2d at 169. We are to also recognize that the defendant bears "the burden of demonstrating that the sentence is improper." *Ashby*, 823 S.W.2d at 169.

In balancing these concerns, a trial court should start at the presumptive sentence, enhance the sentence within the range for existing enhancement factors, and then reduce the sentence within the range for existing mitigating factors. T.C.A. § 40-35-210(e). No particular weight for each factor is prescribed by the statute. *See Santiago*, 914 S.W.2d at 125. The weight given to each factor is left to the discretion of the trial court as long as it comports with the sentencing principles and purposes of our code and as long as its findings are supported by the record. *Id.*

The trial court made the following findings when applying the enhancing factor in question:

It is clear from the presentence report as well as the last hearing that he was convicted of manslaughter out of Texas. What is interesting about the date of that offense is the offense was May the 8th of 1999. And if you look at – and the date of this offense, the one we're here about that happened at the Green Hills Mall, it had occurred on March the 17th of 1999. So before he was – so he goes to Texas and picks up this manslaughter conviction. And then on 4-24 of 1999 is when we have the theft from the shipment, which is also a felony. And, again, I'm going to use those facts. But though those offenses occurred after the offense in this case it's very instructive that he goes from here, being

involved in an incredibly serious offense that took a person's life, and then goes and is convicted of manslaughter and then the theft from an institution. So I'm going to use those. There are other things that are in his history, but we do not know what the result of that is. But he also previously has admitted using cocaine and marijuana. So that factor is borne out by the record. I can't use any of the other factors because they were not found by the jury.

This Court has previously held that this enhancing factor applies when the "criminal behavior" occurs after the convicted offense but prior to sentencing. *See State v. Robert Arthur White*, No. 02C01-9601-CC-00009, 1997 WL 81653 (Tenn. Crim. App., at Jackson, February 27, 1997); *State v. Shawn Phillip Yeager*, No. 02C01-9502-CC-00052, 1986 WL 89386 (Tenn. Crim. App., at Jackson, Feb. 29, 1996). The facts in *State v. Robert Arthur White*, No. 02C01-9601-CC-00009, 1997 WL 81653 (Tenn. Crim. App., at Jackson, February 27, 1997) and *State v. Shawn Phillip Yeager*, No. 02C01-9502-CC-00052, 1986 WL 89386 (Tenn. Crim. App., at Jackson, Feb. 29, 1996), are very similar to the facts in the case at hand. In *Robert Arthur White* and *Shawn Phillip Yeager*, the defendants committed the offenses in question and were not convicted of the offenses in question until they had committed offenses in other states. This Court upheld the application of the enhancing factor of previous criminal behavior based upon the offenses committed in the other states between the commission of the offenses in question and the imposition of the sentences for the offenses in question. See *Robert Arthur White*, 1997 WL 81653, at * 4-5; *Shawn Phillip Yeager*, 1986 WL 89386, at *1.

The facts are similar in the case at hand. Here, Appellant committed the offenses in question. He later committed manslaughter and theft. He was subsequently tried and convicted for these offenses in question. The trial court applied the enhancing factor based upon the offenses which occurred after the commission of the offenses in this case but prior to the imposition of sentences for the instant offenses. Therefore, we conclude that the trial court did not err in basing the imposition of the enhancing factor on the convictions for manslaughter and theft from an institution.

Also, we note that Appellant makes a cursory statement that his sentences should not be enhanced to the maximum of the range because in his prior sentencing hearing his sentences were enhanced to the maximum of the range based upon additional enhancing factors the application of which were determined to be contrary to *Blakely*. As stated above, the weight of the factors is left in the discretion of the trial court as long as it comports with the sentencing principles. *Santiago*, 914 S.W.2d at 125. We agree with the trial court that Appellant participated in the planning and commission of a very dangerous and violent crime

that resulted in the death of an individual. We conclude that the enhancing of the sentences to the maximum in the range comports with the sentencing principles set out in the statute.

Therefore, we affirm the judgments of the trial court.

## **CONCLUSION**

For the foregoing reasons, we affirm the judgments of the trial court.


_____
JERRY L. SMITH, JUDGE